

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

October 9, 1951

Hon. Howell E. Cobb
District Attorney
52nd Judicial District
Comanche, Texas

Opinion No. V-1306

Re:  Inclusion of a public
auction barn within the
terms "public stockyard
and shipping pen" with-
in the contemplation of
the Rules and Regulations
of the Livestock Sanitary
Commission.

Dear Sir:

You have requested the opinion of this office as follows:

"Please advise if in your opinion a
public auction barn where livestock of all
kind is sold weekly and a large number of
people gather weekly for the purpose of buy-
ing and selling livestock of all kinds, is
a public stockyard and shipping pen as con-
templated by the Rules and Regulations of
the Livestock Sanitary Commission of Texas.
. . ."

The regulation of the Livestock Sanitary Com-
mission to which you refer is found in the publication
by the Commission entitled "Rules and Regulations and
Sanitary Laws of the Livestock Sanitary Commission of
Texas, 1946," at page 62, and being Division III, Chap-
ter XIII, Section I, which reads as follows:

"All public stockyards and shipping
pens of said yards in the State of Texas
are considered infected with Hog Cholera,
and are hereby quarantined for said infec-
tion."

Specifically, you inquire whether a public auc-
tion barn is a "public stockyard" within the foregoing
rule, and, if so, is it quarantined within the contem-
plation of the rule.

The authority of the Commission to promulgate the rule in question is found in Article 1525b, V.P.C.

Upon inquiry, we have been advised by the Director for the Livestock Sanitary Commission that the only "public stockyards" in Texas are the Fort Worth Stockyards, the Port City Stockyards in Houston, the Union Stockyards in San Antonio, and the Texarkana Stockyards, and that the Commission has never attempted to apply the rule in question as to any other types of stockyards or sales barns.

The term is evidently used in the rule as descriptive of those establishments subject to regulation by the "Packer's and Stockyards Act of 1921" as amended (9 U.S.C.A., Sec. 181, et seq.) whereby the United States Secretary of Agriculture designates what stockyards are subject to regulation. Such "public stockyards" are comparable in many respects to a "common carrier" or "public utility" in that they are charged with special duties to the public in the furnishing of their facilities. They are intimately connected with common carrier transportation and usually maintain trackage and other shipping facilities. They are, in other words, of that class of businesses which have been legislatively determined to be affected with a public interest and which have been subjected to special legislation regulating their powers and duties. See Delaware, L. & W.R. Co. v. Central Stock-Yard & Transit Co., 43 N.J.E. 71, 10 Atl. 490 (1887), considering the duties imposed on a stockyard corporation organized and operating under a statute granting special powers to such concerns.

We find no Texas statutes which attempt to classify "auction barns" or similar facilities generally as "public stockyards" or to regulate them as such. The fact that federal regulation has not been imposed thereon indicates that they do not fall within such classification under federal statutes. The Livestock Sanitary Commission, under the facts stated above, has interpreted its rule as not including "auction barns" within the term "public stockyards." The Commission has authority to interpret the rules which it is authorized to promulgate in the first instance. West Texas Compress & Warehouse Co. v. Panhandle & S. F. Ry. Co., 15 S.W.2d 558 (Comm. App. 1929); Foley v. Benedict, 55 S.W.2d 805 (Comm. App. 1932); 42 Am. Jur.

392, Public Administrative Law, Sec. 77. The interpretation of its own rule by the administrative body to which rulemaking power has been delegated becomes a part of the rule. In view of the construction placed upon the terms by the Commission, as indicated, we conclude that the term "public stockyard" refers to only such "stockyards" as have been classified as "public stockyards" or regulated as such. Unless such "auction barns" are so classified and designated, we conclude that they are not "public stockyards" within the meaning of the rule.

## SUMMARY

A public auction barn is not a "public stockyard" as that term is used in certain quarantine regulations of the Livestock Sanitary Commission. The only "public stockyards" in Texas are those designated as such by the Livestock Sanitary Commission.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Ned McDaniel

Jesse P. Luton, Jr.
Reviewing Assistant

Dean J. Capp

Charles D. Mathews
First Assistant

Assistants

NMc/DJC:jmc